ROCHE v. ROAD DRIVER'S ASS'N OF NEW YORK.

(Supreme Court, Appellate Term.   November 29, 1905.)

1. INNKEEPERS—ACTION FOR RENT OF ROOM—EVIDENCE.

Evidence in an action for rent of a room in a hotel during a specified period examined. and *held* insufficient to support a finding of either an express or an implied agreement to pay the sum sued for.

2. SAME—USE OF ROOM—COMPENSATION.

The use of a room in a hotel, without an agreement that no rent shall be paid, raises an implied promise to pay only the fair rental value thereof.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Patrick H. Roche against the Road Driver's Association of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Eidlitz & Hulse (Ernest F. Eidlitz, of counsel), for appellant.

David M. Neuburger, for respondent.

SCOTT, P. J. In my opinion the judgment is wholly unsustained by the evidence. The action is for rent of a room in the Rossmore Hotel for a period of 18 months from October 1, 1901. The complaint alleges a special promise, but I am unable to find any evidence of either an express or an implied agreement to pay the particular sum now sued for. It is true that for some time previous to October 1, 1901, the defendant had paid $25 a month for the exclusive use of a small suite of rooms. The plaintiff, however, refused to permit this arrangement to continue, and during the period

covered by this action the defendant occasionally used a parlor in the hotel, which at other times was put to other uses. I am unable to see that the payment of a given sum for the exclusive use of one suite of apartments implies an agreement to pay the same sum for the occasional use of another apartment. Of any direct agreement to pay a specified rental there is no evidence whatever. The plaintiff and his clerk testified at great length, but proved very little. They did prove, however, that for many months after the defendant had discontinued the use of the suite, and after the commencement of the period covered by this action, the plaintiff neither rendered bills for rent to defendant nor charged them with rent on the hotel books.

It is suggested that the use of the room, without an agreement that no rent should be charged, implied a promise to pay. The difficulty with this suggestion is that, if the circumstance could fairly be said to raise such an implication, the only agreement thus implied would be to pay the fair rental value, and no such value is proven.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.